UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHAB AHMED,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINE WORMUTH, SECRETARY, DEPARTMENT OF THE ARMY,<br><br>    Defendant. | Case No. 22-cv-04365-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Pending before the Court is Defendant Christine Wormuth's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. Plaintiff Ehab Ahmed filed an Opposition (ECF No. 19) and Defendant filed a Reply (ECF No. 20). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 2, 2023 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** Defendant's motion for the following reasons, and additionally **GRANTS** Plaintiff leave to amend as to all claims.[1]

## II. BACKGROUND

Plaintiff Ahmed taught Hebrew at the Defense Language Institute ("DLI") for fourteen years, until he was terminated on June 7, 2021. ECF No. 1 at 2. The June 7, 2021 termination letter stated his termination was because of the closure of the Hebrew department. *Id.*

Ahmed was born in Egypt and was the only African in the department. *Id.* He was one of two religious people in the department. *Id.* Ahmed was also one of the oldest members of the department. *Id.* He also notes that he had an "association with Jews." *Id.*

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 14.

1    Other colleagues, some younger, with less experience, and lower ratings, were offered

2 other positions at DLI. *Id.* A younger colleague Ahmed had mentored was offered a role for

3 which Ahmed was not even interviewed, despite applying. *Id.* Ahmed applied for 11 positions

4 and was only interviewed for one. *Id.* He and the only other religious person in the department

5 were both let go.

6    On July 28, 2022, Ahmed filed the instant action, alleging in his complaint ("Complaint")

7 discrimination based on race, religion, national origin, age, and association with religion pursuant

8 to Title VII of the Civil Rights Act of 1964. *Id.* Ahmed also alleges retaliation for voicing

9 concerns. *Id.*

10    On December 16, 2022, Defendant Wormuth filed a motion to dismiss pursuant to Federal

11 Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 12. On January 19, 2023, Ahmed filed an

12 opposition. ECF No. 19. On February 3, 2023, Wormuth filed a reply. ECF No. 20.

### III.   LEGAL STANDARD

14    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

15 sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff

16 can prove no set of facts in support of his claim which would entitle him to relief." *Cook v.*

17 *Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8

18 provides that a complaint must contain a "short and plain statement of the claim showing that the

19 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts

20 to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

21 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility

22 that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint

23 must therefore provide a defendant with "fair notice" of the claims against it and the grounds for

24 relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

25    In considering a motion to dismiss, the court accepts factual allegations in the complaint as

26 true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v.*

27 *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551

28 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as

1   true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere

2   conclusory statements." *Iqbal*, 556 U.S. at 678.

3         If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

4   request to amend the pleading was made, unless it determines that the pleading could not possibly

5   be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

6   banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny

7   leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated

8   failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

9   party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

10  892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182

11  (1962)).

## IV.   DISCUSSION

13        Title VII forbids discrimination by employers based on an individual's race, color,

14  religion, sex, or national origin. 42 U.S.C. § 2000e-2. Additionally, the Age Discrimination in

15  Employment Act ("ADEA") provides that "[a]ll personnel actions affecting employees or

16  applicants for employment who are at least 40 years of age . . . shall be made free from any

17  discrimination based on age." *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) (citing 29 U.S.C.

18  § 633a(a)). The Supreme Court has found that the ADEA also protects federal employees from

19  "retaliation for complaining about age discrimination." *Id.* at 488. Ahmed does not specifically

20  invoke the ADEA, but his factual allegations indicate claims based on age discrimination, and thus

21  the Court treats these claims as brought pursuant to the ADEA. *See Johnson v. City of Shelby,*

22  *Miss.*, 574 U.S. 10, 11 (2014) ("Federal pleading rules . . . do not countenance dismissal of a

23  complaint for imperfect statement of the legal theory supporting the claim asserted."); *Lyons v.*

24  *SAIA Motor Freight Line, LLC*, No. 519CV00972RGKJEM, 2019 WL 6873870, at *4 (C.D. Cal.

25  Oct. 23, 2019) (treating an age discrimination claim brought under Title VII as brought pursuant to

26  the ADEA). The other discrimination claims, based on race, religion, national origin, and

27  association with religion, are understood to be brought pursuant to Title VII.

28

3

**A.     Exhaustion of Administrative Remedies**

To bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. § 2000e-16(c); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). Under the statutory and regulatory scheme, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct. *Sommatino*, 255 F.3d at 708 (citing 29 C.F.R. §§ 1614.105, 1614.106). Contact with an EEO counselor in the 45-day window also comports with requirements under the ADEA. *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (noting under the ADEA an employee must either give the EEOC "notice of the alleged discriminatory act within 180 days, and give[] notice of his intent to sue at least thirty days before commencing suit in a federal court," or he must go through the administrative process, which requires "notify[ing] the EEO counselor within forty-five days of the alleged discriminatory conduct.").[2] "The limitations-period analysis is always conducted claim by claim," and "begins running on any separate underlying claim of discrimination when that claim accrues." *Green v. Brennan*, 578 U.S. 547, 563 (2016). "This deadline constitutes an administrative 'requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The Supreme Court has clarified that Title VII's claim-processing rules, while mandatory, are non-jurisdictional. *Fort Bend Cnty., Texas v. Davis*, 204 L. Ed. 2d 116 (2019). However, a plaintiff "must allege compliance with the [mandatory processing rule] . . . in order to state a claim on which relief may be granted." *Williams v. Wolf*, No. 19-CV-00652, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019).

Wormuth argues that any discrimination claims alleged by Ahmed prior to July 20, 2021 are time barred because the Complaint only alleges contact with an EEO official on September 3, 2021 and thus Ahmed fails to plead exhaustion of administrative remedies for incidents more than 45 days prior to September 3, 2021. ECF No. 12 at 10-13. Wormuth additionally argues that age

---

[2] The Complaint does not allege Ahmed provided notice of age discrimination within 180 days of the conduct, nor that he gave notice of his intent to sue, and thus the Court interprets Ahmed to be alleging compliance with the 45-day notice for his age discrimination claims in addition to his claims under Title VII.

1   discrimination claims accruing after July 20, 2021 are barred for failure to plead administrative
2   exhaustion because Ahmed did not allege age discrimination in his September 2021 EEO
3   complaint. *Id.* at 13.

4         **1.**      **Allegations Prior to July 20, 2021**

5         Caselaw on administrative exhaustion has generally dealt with either claims based on
6   discrete acts or hostile work environment claims, which each trigger slightly different
7   requirements for the 45-day statutory limitation. "A discrete act of discrimination is an act that in
8   itself constitutes a separate actionable unlawful employment practice and that is temporally
9   distinct." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 638 (2007), *superseded*
10  *by statute*, Pub.L. No. 111–2, 123 Stat. 5. When an employee is alleging discrete acts, the
11  employee must have reported the individual acts within the 45-day window to bring a claim based
12  on those acts. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete
13  retaliatory or discriminatory act 'occurred' on the day it 'happened.'"). "[D]iscrete acts that fall
14  within the statutory time period do not make timely acts that fall outside of the time period." *Id.* at
15  111. In contrast, when a plaintiff is alleging a hostile work environment claim, "[p]rovided that an
16  act contributing to the claim occurs within the filing period, the entire time period of the hostile
17  environment may be considered by a court for the purposes of determining liability." *Id.* at 117.
18  A hostile work environment exists "[w]hen the workplace is permeated with 'discriminatory
19  intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of
20  the victim's employment and create an abusive working environment . . . .'" *Id.* at 116.

21        Based on how the Complaint is written, the Court determines that Plaintiff is alleging
22  discrete acts of discrimination, not a hostile work environment. The Complaint indicates Ahmed's
23  claims are based on his termination and the failure to hire him for various job positions during the
24  period June 2021 through September 2021, as well as denial of transfer to the Arabic department.
25  ECF No. 1 at 2. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to
26  promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination
27  and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful
28  employment practice.'"). *Cf. Griggs v. Sacramento City Unified Sch. Dist.*, No. 20-CV-0724,

2021 WL 1614405, at *4 (E.D. Cal. Apr. 26, 2021) (analyzing allegations of denial for five separate promotions as discrete acts). The Complaint does not appear to allege employer conduct of a severe or pervasive nature such that it constitutes a hostile work environment.

As Ahmed is alleging discrimination for discrete acts, he must allege compliance with the 45-day notification procedure – or waiver, equitable tolling, or estoppel – for each discriminatory act to maintain a claim based on that act. The Complaint alleges that Ahmed notified an EEO counselor on September 3, 2021. *Id.* at 3. Wormuth argues that Ahmed is thus barred from pursuing claims for discriminatory conduct occurring prior to July 20, 2021. ECF No. 12 at 10-13. Ahmed responds in opposition that, in addition to the September 3, 2021 contact, Ahmed also contacted an EEO counselor on July 13, 2021. ECF No. 19 at 6, 9-15. Ahmed attaches to his opposition an "Initial Interview Data Sheet," dated July 13, 2021, as well as a July 16, 2021 settlement agreement between himself and Wormuth. *Id*. Wormuth replies that the Court cannot consider the EEO contact from July 13, 2021 because Ahmed did not allege it in his Complaint, the contact relates to a separate EEO proceeding, and the claims related to that EEO contact were resolved through the settlement agreement. ECF No. 20 at 2-4. The Court agrees that it cannot consider new facts raised in opposition when deciding whether a complaint is sufficiently pled. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). *See also Brown v. Brennan*, No. 16-CV-06972, 2017 WL 11713951, at *1 (N.D. Cal. May 11, 2017) (considering new facts alleged in a *pro se* plaintiff's opposition only for purposes of whether leave to amend should be granted); *Johnson v. Liberty Mut. Ins.*, No. 12-CV-01851, 2013 WL 415585, at *2 (N.D. Cal. Jan. 31, 2013) (declining to consider new factual allegations in a *pro se* opposition to a motion to dismiss). Further, the Court agrees that the Complaint does not include facts indicating any EEO contact beyond that on September 3, 2021.

In theory, perhaps, the Court could take judicial notice of the documents annexed to Ahmed's opposition as public records. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,

1    999 (9th Cir. 2018) ("[A] court may take judicial notice of matters of public record without

2    converting a motion to dismiss into a motion for summary judgment.") (citations and quotations

3    omitted). Courts have particularly found it appropriate to take judicial notice of documents related

4    to EEOC complaints. *See, e.g., Lacayo v. Donahoe*, No. 14-CV-04077, 2015 WL 993448, at *9

5    (N.D. Cal. Mar. 4, 2015) ("In the context of employment discrimination cases in particular, it is

6    well established that courts may consider the administrative record of a plaintiff's claims before

7    the EEOC as judicially noticeable matters of public record."). However, the settlement agreement

8    attached to Ahmed's opposition raises more questions than answers as to the status of claims

9    related to any July 13, 2021 EEO contact and whether those claims can form the basis of this

10   action. *See E.D.C. Techs., Inc. v. Seidel*, 225 F. Supp. 3d 1058, 1063 (N.D. Cal. 2016) ("'[A]

11   plaintiff may plead h[im]self out of court' if he 'plead[s] facts which establish that he cannot

12   prevail on his . . . claim.'") (quoting *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th

13   Cir. 1997)). Because the Complaint does not make reference to any July 2021 EEO contact or

14   related case, and because the Court believes fairness favors providing Ahmed the opportunity to

15   more fully plead relevant facts plausibly alleging a basis for claims related to the July 13, 2021

16   EEO contact, the Court declines to take judicial notice of the documents attached to Ahmed's

17   opposition.[3]

18       In sum, the Court finds that the Complaint does not refer to an EEO contact prior to

19   September 3, 2021, nor does it provide sufficient factual allegations from which the Court could

20   infer such a contact occurred. The Complaint additionally fails to allege facts supporting a basis

21   for equitable tolling, waiver, or estoppel. Thus, Ahmed has not adequately pled exhaustion of

22   administrative remedies for discriminatory acts occurring prior to July 20, 2021. *See, e.g.,*

23   *Robinson v. Rigas*, No. 20-CV-07907, 2021 WL 3112419, at *4 (N.D. Cal. July 22, 2021) (finding

24   failure to promote allegations outside the 45-day window were time-barred where plaintiff

---

[3] The Court also notes a one-page attachment to Ahmed's complaint, titled "Decision on Request for Reconsideration." ECF No. 1-3. The document makes reference to a settlement agreement, however, the complete document very clearly is longer than one page, and provides little context as attached for the Court to interpret. The Court finds little in the document to aid in analyzing the sufficiency of the Complaint. The Court also suspects that Ahmed intended to attach the entire document, and is welcome to do so for the Court's consideration in any amended Complaint.

1  conceded he had only made one EEO complaint).

2  To the extent that Plaintiff alleges discrimination based on acts occurring prior to July 20,
3  2021, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

4  The Court **GRANTS** Plaintiff leave to amend. It appears that Plaintiff has facts supporting
5  potential allegations that he initiated an EEO contact prior to July 20, 2021. *See Broam*, 320 F.3d
6  at 1026 n.2 ("Facts raised for the first time in plaintiff's opposition papers should be considered by
7  the court in determining whether to grant leave to amend or to dismiss the complaint with or
8  without prejudice.") (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133,
9  1137-38 (9th Cir. 2001)). Again, the Court is unclear on the relationship of the settlement
10 agreement to this proceeding. However, the Court does not address any arguments related to the
11 settlement agreement here. It may also be possible that Ahmed has allegations related to equitable
12 tolling, waiver, or estoppel related to the 45-day statutory limitation. Finally, the Court notes that
13 failure to plead administrative exhaustion as to adverse actions occurring before July 20, 2021
14 does not necessarily prevent those actions from serving as background evidence for Plaintiff's
15 timely claims. *See Morgan*, 536 U.S. at 113 ("Nor does the statute bar an employee from using
16 the prior acts as background evidence in support of a timely claim.").

17  **2.  Allegations After July 20, 2021**

18  In order to meet the requirement of substantial compliance with administrative exhaustion,
19 the allegations of a plaintiff's judicial complaint must be "like or reasonably related to the
20 allegations" in an administrative complaint submitted to the EEO, such that they would fall within
21 "the scope of an EEOC investigation which [could] reasonably be expected to grow out of the
22 [administrative] charge of discrimination." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)
23 (citations, quotation marks, and emphasis omitted) (addressing the same standard as applied to a
24 private employee's administrative complaint to the EEOC). *See also Vasquez v. Cty. of Los*
25 *Angeles*, 349 F.3d 634, 644 (9th Cir. 2003), *as amended* (Jan. 2, 2004) (holding that a court may
26 consider "all claims of discrimination that fall within the scope of the EEOC's actual investigation
27 or an EEOC investigation that could reasonably be expected to grow out of the charge."). Courts
28 evaluating the similarity between an administrative complaint and a judicial complaint "may

8

1    consider 'such factors as the alleged basis of the discrimination, dates of discriminatory acts
2    specified within the charge, perpetrators of discrimination named in the charge, and any locations
3    at which discrimination is alleged to have occurred.'" *Vasquez*, 349 F.3d at 644 (quoting *B.K.B. v.*
4    *Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002)). "In
5    addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in
6    the charge to the extent that those claims are consistent with the plaintiff's original theory of the
7    case." *B.K.B.*, 276 F.3d at 1100. "Procedural technicalities should not be employed to impede a
8    Title VII claimant from obtaining a judicial hearing on the merits." *Ramirez v. Nat'l Distillers &*
9    *Chem. Corp.*, 586 F.2d 1315, 1321 (9th Cir. 1978) (citing *Love v. Pullman Co.*, 404 U.S. 522
10   (1972)). *See Ng v. Potter*, No. C09-192Z, 2009 WL 3836045, at *2 (W.D. Wash. Nov. 12, 2009)
11   ("Because typical complaints are filled out by non-attorneys, courts construe the EEOC charge
12   with 'utmost liberality,' and it is sufficient that the EEOC is apprised of the alleged discriminatory
13   parties and the alleged discriminatory acts.") (citing *Leong v. Potter*, 347 F.3d 1117, 1122 (9th
14   Cir. 2003)).

15   　　　　As discussed above, courts may take judicial notice of public records without converting a
16   motion to dismiss to a motion for summary judgment. Additionally, courts may consider
17   documents alleged in a complaint and essential to a plaintiff's claims. *Branch v. Tunnell*, 14 F.3d
18   449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307
19   F.3d 1119 (9th Cir. 2002); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).
20   A court may "take judicial notice of documents on which allegations in the complaint necessarily
21   rely, even if not expressly referenced in the complaint, provided that the authenticity of those
22   documents is not in dispute." *Tercica, Inc. v. Insmed Inc.*, C 05-5027, 2006 WL 1626930, at *8
23   (N.D. Cal. June 9, 2006) (citing *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D.
24   Cal. 2000)). *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a
25   document is not attached to a complaint, it may be incorporated by reference into a complaint if
26   the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's
27   claim."). Here, as opposed to the documents attached to Ahmed's opposition related to a July 13,
28   2021 EEO contact, the Court finds that the allegations in the Complaint do appear to necessarily

1    rely upon the September 23, 2021 EEOC complaint.  Specifically, the Complaint refers to his
2    September 3, 2021 EEO contact and the September 23, 2021 administrative complaint appears to
3    be the result of the EEO contact, which is necessary for Ahmed to plead administrative
4    exhaustion.  ECF No. 1 at 2-3.  Further, the document is a public record as an "administrative
5    record of a plaintiff's claims before the EEOC," and Ahmed does not contest the authenticity of
6    the document in his opposition.  *Lacayo*, 2015 WL 993448, at *9.  Thus, the Court finds it
7    appropriate to take judicial notice of the September 23, 2021 EEO complaint.  *Cf. Winns v. DeJoy*,
8    No. 21-CV-04264, 2022 WL 673600, at *4 (N.D. Cal. Mar. 7, 2022) (taking judicial notice of
9    information in an EEO report, specifically the date of plaintiff's initial contact with the EEO
10   office, and the description of plaintiff's claims of "discrimination on the basis of race, religion and
11   retaliation.").

12           Based on the facts properly before the Court for consideration, the Court finds that the age
13   discrimination claim in Ahmed's Complaint in this proceeding is insufficiently like or reasonably
14   related to the EEOC complaint.  The September 2021 EEO complaint describes being looked over
15   for job positions and being denied transfer.  ECF No. 13-1 at 2-5.  These allegations make no
16   mention of Ahmed's age, the relative age of anyone else involved, or other facts from which it
17   might be inferred that Ahmed's claims are related to age discrimination.  Although it appears that
18   Ahmed's age discrimination claim relates to similar or the same adverse actions, the hiring and
19   transfer denials, that alone is insufficient to determine the age discrimination claim could
20   reasonably be expected to grow from the national origin, retaliation, or religion claims.  *Cf. Gomez*
21   *v. Serv. Emps. Int'l Union Loc. 87*, No. C 10-01888, 2010 WL 4704407, at *4 (N.D. Cal. Nov. 12,
22   2010) (finding the fact that national origin and gender discrimination claims "flowed from the
23   same factual scenario" insufficient to render the claims like or reasonably related to one another).
24   Further, the age discrimination claim is necessarily premised on a different statutory scheme than
25   the Title VII claims, and thus is even more dissimilar.  *See Leong*, 347 F.3d at 1122 (finding that
26   plaintiff's claim under the Rehabilitation Act was not reasonably related to Title VII claims,
27   noting "Leong's disability claim relies on a different theory and a different statute than his other
28   claims. . . .  A decision that an EEOC complaint with no mention whatsoever of disability is 'like

10

1   or reasonably related to' Leong's disability claim would reduce the exhaustion requirement to a
2   formality."); *Kennedy v. Columbus Mfg., Inc.*, No. 17-CV-03379, 2017 WL 4680079, at *5 (N.D.
3   Cal. Oct. 18, 2017) (determining that Title VII claims were not administratively exhausted where
4   plaintiff's EEO intake questionnaire only referred to claims under the Americans with Disabilities
5   Act and ADEA such that a reasonable EEOC investigation would not have uncovered the Title VII
6   claims as "Title VII, the ADA, and the ADEA are distinct statutory schemes, and the evidence
7   required to prove a violation of each differ significantly."). The Court does not strictly construe
8   the administrative exhaustion requirement to mandate that Ahmed specifically check the box
9   stating age discrimination or cite the ADEA, but his EEOC complaint must include facts from
10  which the EEOC could reasonably be expected to investigate age discrimination, such as that
11  younger colleagues or colleagues with considerably less experience than him were being
12  considered for positions that he was not. The EEOC complaint is devoid of facts of this kind.

13  Ahmed argues that he did not exhaust age-related discrimination claims in the EEO contact
14  on July 13, 2021 because he was not aware of the discrimination until August and September
15  2021. ECF No. 19 at 6. To the extent Ahmed's argument relates to the July 13, 2021 EEO
16  contact, the Court does not consider that contact in its analysis for the reasons provided above. To
17  the extent that Ahmed is arguing that he did not discover the basis for age discrimination
18  allegations until August or September 2021, the September 23, 2021 complaint does not appear to
19  allege age discrimination, and thus the Court does not have any facts to plausibly infer that Ahmed
20  exhausted his administrative claims after he alleges that he discovered the age discrimination.

21  Ahmed may have additional facts to plead which would plausibly allege exhaustion of
22  administrative remedies as to the age discrimination claims. For example, Ahmed might have
23  facts showing that the September 3, 2021 EEO contact did include age discrimination claims, and
24  that the September 23, 2021 complaint for some reason did not include them. *Cf. B.K.B.*, 276 F.3d
25  at 1102 ("If the charge itself is deficient in recording her theory of the case due to the negligence
26  of an agency representative who completes the charge form, then the plaintiff may present her pre-
27  complaint questionnaire as evidence that her claim for relief was properly exhausted."). The July
28  13, 2021 Initial Interview Data Sheet appears to include an age discrimination claim, although

11

1  again the Court is unclear on the status of that claim based on the July 16, 2021 settlement

2  agreement.  ECF No. 19 at 6, 10-15.  It is also possible that Ahmed has facts related to other EEO

3  contacts wherein he alleged age discrimination, or facts showing he sought to amend his EEOC

4  complaint.

5        In sum, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's age

6  discrimination claims.  The Court **GRANTS** Plaintiff leave to amend the complaint as to these

7  claims for the reasons outlined above.

8  **B.**     **Pleading Sufficient Facts for Discrimination Claims**

9        Wormuth argues that Ahmed has failed to plead sufficient facts to support a plausible

10  inference that Plaintiff received differential treatment because of his protected characteristics.

11  ECF No. 12 at 13-18.  Ahmed argues that he has clearly stated claims for discrimination based on

12  his religion, age, and protected EEO activities where DLI failed to adequately consider him for

13  open positions.  ECF No. 19 at 6-7.

14        To establish a prima facie case of discrimination, the plaintiff must show that: "(1) he

15  belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse

16  employment action; and (4) similarly situated individuals outside his protected class were treated

17  more favorably."  *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th

18  Cir. 2000).  The fourth element—that the plaintiff was subjected to an adverse employment action

19  because of his membership in a protected class—can be alleged either through direct evidence of

20  discrimination, such as a supervisor's derogatory comment about his race or gender, *see, e.g.,*

21  *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1050 (9th Cir. 2009), or through circumstantial evidence,

22  which may include allegations that similarly situated individuals outside the plaintiff's protected

23  class were treated more favorably or that other circumstances surrounding the at-issue

24  employment action give rise to an inference of discrimination.  *See Surrell v. California Water*

25  *Serv. Co.*, 518 F.3d 1097, 1105-06 (9th Cir. 2008); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151,

26  1156 (9th Cir. 2010).

27        When a plaintiff pleads a plausible prima facie case, the complaint sufficiently states a

28  claim.  *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012).  However, a

plaintiff is not required to plead a prima facie case of discrimination or retaliation in order to survive a motion to dismiss. *Id.*; *Lacayo v. Donahoe*, No. 14-CV-04077, 2015 WL 3866070, at *12 (N.D. Cal. June 22, 2015). When a plaintiff does not plead a prima facie case, courts still look to the elements of the prima facie case "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796-97 (N.D. Cal. 2015) (citations omitted).

The Court finds that, as it has determined that Ahmed has not pled administrative exhaustion for adverse actions prior to July 20, 2021, the Court cannot determine from the Complaint whether Ahmed has sufficiently alleged discrimination based on adverse actions post-July 20, 2021. Ahmed alleges that the events referenced in his Complaint occurred between June 2021 and September 2021. ECF No. 1 at 2. He also pleads that he applied for 11 positions and was interviewed for only 1 and notes that he was not transferred to the Arabic Department despite being qualified. *Id.* Failures to hire, transfer, or promote can be adverse actions for purposes of Title VII. *See Morgan*, 536 U.S. at 114 (identifying "failure to promote, denial of transfer, or refusal to hire" as discrete acts under Title VII). However, if Ahmed cannot allege that he exhausted administrative remedies prior to July 20, 2021, the Court needs more details regarding these incidents to determine whether the adverse actions occurred during the relevant time period and are pled sufficiently for a Title VII claim. While it is possible for prior events to serve as background evidence in support of his claim, Ahmed still must put forth a well-pled, timely claim. Currently, the Complaint is simply too vague to determine that adverse actions occurred in the relevant time period. The Court notes that Ahmed's opposition includes a chronology of events as well as emails between himself and various parties at DLI. ECF No. 19 at 16-50. However, as noted above, the Court may not consider new facts alleged in opposition to assess whether the Complaint sufficiently pleads causes of action. The Court may consider Ahmed's new facts in considering whether to grant leave to amend.

Additionally, the Court recommends Ahmed include more details as to his qualifications for relevant positions, and how similarly situated individuals outside of his protected class were

13

1    treated more favorably.  For example, in his allegations of discrimination based on national origin,

2    Ahmed alleges that he "was born in Egypt," "the decision maker is from Lebanon," and that "[h]er

3    actions showed prejudice."  ECF No. 1 at 2.  However, it is unclear what actions the decision

4    maker took which showed prejudice, and to allege only that her actions showed prejudice is

5    conclusory.  It would be beneficial to provide more facts regarding the decision maker's actions,

6    or any other actions taken by DLI, from which discrimination can be inferred.

7    The Court **GRANTS** Defendant's Motion to Dismiss the discrimination claims under Title

8    VII.  The Court **GRANTS** Plaintiff leave to amend.

9    **C.     Pleading Sufficient Facts for Retaliation Claims**

10   To state a claim for retaliation under Title VII, a plaintiff must allege he (1) engaged in a

11   protected activity, (2) his employer subjected him to a materially adverse employment action, and

12   (3) a causal link exists between the protected activity and the adverse action.  *Westendorf v. W.*

13   *Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 421 (9th Cir. 2013) (citations omitted).  An

14   adverse action for a retaliation claim is one that "might have dissuaded a reasonable worker from

15   making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. Co. v. White*,

16   548 U.S. 53, 68 (2006) (quotations and citations omitted).

17   The Complaint alleges only that Ahmed was retaliated against for "voicing concerns."

18   ECF No. 1 at 2.  Without more facts, the Court cannot analyze whether Ahmed has plausibly

19   alleged a claim of retaliation.  For one, the claim suffers in the same way as the discrimination

20   claims, as it is unclear when the adverse employment actions occurred and whether the claim

21   before the Court is timely.  Further, as to protected activity, Ahmed's opposition indicates that he

22   spoke out against management in December 2020, but the Complaint contains no such details.

23   ECF No. 19 at 7.  It is also unclear whether Ahmed is alleging he engaged in other activity for

24   which he was retaliated against.  For example, his administrative complaint notes reprisal for an

25   EEOC conference on July 16, 2021, but that is not alleged in the Complaint nor discussed in his

26   opposition as a basis for his retaliation claim.  ECF No. 13-1 at 2; ECF No. 19 at 7.  The Court

27   recommends, should Ahmed amend his complaint, that he provide more facts about this voicing

28   concerns, to plausibly infer that this activity is protected under Title VII.

14

Finally, it's unclear what adverse actions were taken against him and what facts support that those adverse actions were taken in retaliation for his protected activity. To establish a causal connection between protected activity and adverse actions, a plaintiff may allege direct or circumstantial evidence from which causation can be inferred, such as an employer's "pattern of antagonism following the protected conduct," *Porter v. California Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005), or the temporal proximity of the protected activity and the occurrence of the adverse action. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004); *Bell v. Clackamas Cty.*, 341 F.3d 858, 865 (9th Cir. 2003). The Complaint contains too few facts to understand what adverse actions were taken in retaliation, and what facts might plausibly support an inference that the actions were in retaliation.

Thus, the Court **GRANTS** Defendant's Motion to Dismiss the retaliation claim. The Court **GRANTS** Plaintiff leave to amend.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Wormuth's Motion to Dismiss Plaintiff Ahmed's claims. The Court **GRANTS** Plaintiff leave to amend his Complaint. Ahmed shall have 30 days from the date of this order to file his amended complaint.

**IT IS SO ORDERED.**

Dated: February 28, 2023

THOMAS S. HIXSON
United States Magistrate Judge